HASKELL'S INC., et al., Appellants,

v.

John SOPSIC, Minnesota Commissioner of Public Safety, et al., Respondents,

and

Minnesota Beer Wholesalers Association, intervenor, Respondent.

No. 51397.

Supreme Court of Minnesota.

Dec. 30, 1981.

ORDER

Appellants in their Petition for Rehearing are correct in calling attention to the fact that the opinion of the court filed June 12, 1981, 306 N.W.2d 555, does not accurately reflect the appellants' position with respect to the constitutionality of Minn.Stat. § 340.405.

In their complaint they allege that the statute not only violates the federal constitution, but also violates Article 1, sections 2, 7, and 13; and Article XII, section 1 of the Minnesota Constitution. Their brief cites these sections for the rule that the test is whether the classifications created by statute are rationally related to a legitimate state purpose.

In comparing the state constitutional standards of scrutiny with those of the federal constitution, the appellants stated in their brief:

While the federal guarantees may not be as wide reaching as Minnesota's guarantees of freedom from discriminatory legislation, the federal test is similarly stated.

* * * * * *

Apparently the plaintiffs in [*Clover Leaf Creamery Co. v. State*, 289 N.W.2d 79 (Minn.1979), *rev'd*, 449 U.S. 456, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981),] chose not to proceed with their lawsuit under the broader and more far reaching state constitutional guarantees, deciding instead to plead their case under the fourteenth amendment to the United States Constitution.

Accordingly the following sentences are deleted from our opinion:

The appellants do not contend that the state constitutional guarantees impose a stricter standard than those of the federal constitution. We therefore limit our review of the statute to an application of the United States Constitutional standard of protection under the Fourteenth Amendment.

Whether the state constitutional guarantees concerning due process and equal protection impose a stricter standard of scrutiny than those of the federal constitution will be decided by this court when at issue in some future case. *Minnesota vs. Clover Leaf Creamery Co.*, 449 U.S. at 461, 101 S.Ct. at 722, n.6.

However, our consideration of the validity of Minn.Stat. § 340.405 under the Minnesota Constitution persuades us that judged by either state or federal standards our decision upholding that statute is correct.

With the revisions we have noted, the petition for rehearing is therefore denied.